NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANY MCKIM,<br><br>                        Plaintiff,<br>v.<br><br>J. W. MARRIOTT, INC., et al.,<br><br>                        Defendants. | Hon. Dennis M. Cavanaugh<br>Civil Action No. 09-1107 (DMC)<br><br>OPINION |

Before the Court is a joint application by the parties to transfer this case to the United States District Court for the Middle District of Florida. For the reasons that follow, the parties' request to transfer this case is **granted**.

BACKGROUND

Plaintiff McKim commenced this action on or about January 29, 2009 in the Superior Court of New Jersey, Law Division. The complaint alleges that Defendants' negligence at a J.W. Marriott hotel in Grand Lakes Orlando, Fl., caused Plaintiff to fall and be injured. (Compl. ¶ 3.) Defendants Marriott International Inc. and J.W. Marriott Inc.[1] ("Marriott") removed the action to the United States District Court for the District of New Jersey on March 11, 2009 pursuant to 28 U.S.C. § 1446(d). This Court has jurisdiction under 28 U.S.C. § 1332.

On January 22, 2010, during a status conference, Plaintiff's counsel informed the Court that Plaintiff McKim transferred her residence from New Jersey to California. As a result, counsel for Defendants and Plaintiff jointly raised the issue as to whether New Jersey was a proper forum for this litigation. Both parties requested to transfer this matter to the Middle District of Florida.

---

[1] Defendant Marriott International Inc. notes in its Notice of Removal that the listing of J.W. Marriott Inc. as a Defendant is a mistake as it is not an entity and is not incorporated under the laws of any state. (Notice of Removal ¶ 7.)

## DISCUSSION

Under 28 U.S.C. 1404(a), a Court may transfer a civil action to any other district or division where it could have been brought for the "convenience of the parties and witnesses, in the interest of justice." A motion to transfer a case to another district is considered a non-dispositive motion. See D.N.J. Civ. R. 72.1(a) cmt. 2; Prinir (Hadas 1987) Ltd. v. Conagra Food Packaged Foods Co., Inc., 2008 U.S. Dist. LEXIS 99605, at *1-2 (D.N.J. December 8, 2008).

The sole reason for maintaining this action in the District of New Jersey was because Plaintiff resided in New Jersey. Marriott International Inc. is an international corporation with its principal place of business in Maryland. (Notice of Removal ¶ 6.) The events that led to the lawsuit occurred in Orlando, Fl. Since Plaintiff is no longer in New Jersey, the District of New Jersey is not a convenient forum for the parties or the potential witnesses. All parties agree the case has no connection to New Jersey.

## CONCLUSION

For the foregoing reasons, this case will be transferred to the U.S. District Court for the Middle District of Florida. A separate order accompanies this opinion.

    /s/Mark Falk  
**MARK FALK**  
**United States Magistrate Judge**

Dated: January 26, 2010